IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| REGINALD BURRELL,<br>AIS # 210704,<br><br>    Petitioner,<br><br>    v.<br><br>CATRINA HOOKS-ROBBINS,<br><br>    Respondent. | CASE NO. 3:25-CV-210-WKW<br>[WO] |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

Petitioner Reginald Burrell, a convicted and sentenced inmate in the custody of the Alabama Department of Corrections (ADOC) and proceeding *pro se*, filed this 28 U.S.C. § 2241 petition for writ of habeas corpus. (Doc. # 1.) Respondent is Catrina Hooks-Robbins, the warden for the Alex City Community-Based Facility/Community Work Center, where Petitioner was incarcerated at the time he brought this petition.

In response to the § 2241 petition, Respondent argues that this petition should be dismissed as an unauthorized second or successive petition under 28 U.S.C. § 2244(b)(3)(A) because Petitioner did not obtain the required authorization from the United States Court of Appeals for the Eleventh Circuit. (Doc. # 13 ¶ 12.) Respondent contends that the habeas corpus remedy under 28 U.S.C. § 2241 is

subject to the same restrictions as those under 28 U.S.C. § 2254, including the gatekeeping process requiring authorization for successive petitions. (Doc. # 13 ¶ 13.) Petitioner filed a reply brief opposing Respondent's position. (Doc. # 14.)

Based on a thorough review of the parties' arguments, the applicable law, and the record, the petition is an unauthorized second or successive petition and must be dismissed without prejudice for lack of subject matter jurisdiction. The court concludes that an evidentiary hearing is not warranted. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* [hereinafter *Rules Governing § 2254 Cases*].[1]

## II. JURISDICTION AND VENUE

Federal courts have the statutory power to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). Under § 2241(d), both the district where a state prisoner is confined and the district where he was convicted and sentenced have "concurrent jurisdiction" over habeas corpus petitions. § 2241(d). "Although section 2241(d) primarily governs jurisdiction, . . . it has implications as to venue between divisions in the same district." *Mitchell v.*

---

[1] The *Rules Governing § 2254 Cases* apply to petitions under 28 U.S.C. § 2241. *See* Rule 1(b), *Rules Governing § 2254 Cases* (providing that the § 2254 Rules apply to habeas corpus petitions filed under provisions other than § 2254). Under Rule 9, "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." Rule 9, *Rules Governing § 2254 Cases*.

*Henderson*, 432 F.2d 435, 436 (5th Cir. 1970).² Because Petitioner was confined in the Middle District of Alabama at the time of filing, this court has concurrent jurisdiction over his petition. Petitioner's subsequent transfer to an ADOC facility in the Southern District of Alabama does not defeat this court's concurrent jurisdiction under § 2241(d). (*See* Doc. # 16 (notifying the court that Petitioner has been transferred to Loxley Work Release/Community Work Center).) "[I]f a district court properly acquires jurisdiction when the case is filed, then the petitioner's subsequent removal to another judicial district does not destroy the court's jurisdiction." *Elcock v. Streiff*, 554 F. Supp. 2d 1279, 1282 (S.D. Ala. 2008) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004)). This principle ensures that petitioners are not deprived of a forum to pursue their petitions due to government-effectuated transfers. Aptly stated, "[i]f a § 2241 petition must be transferred every time the petitioner is transferred, it is doubtful that the case would ever be decided." *Id.* (citation omitted).

However, a district court lacks subject matter jurisdiction to consider a claim presented in a second or successive habeas petition unless the appropriate court of appeals has authorized the filing of the petition. *Jennings v. Sec'y, Fla. Dep't of Corr.*, 108 F.4th 1299, 1302 (11th Cir. 2024) (per curiam), *cert. denied sub nom.*,

---

² In *Bonner v. City of Prichard*, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions issued before September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

*Jennings v. Dixon*, 145 S. Ct. 1472 (2025). The dispositive issue here is whether this 28 U.S.C. § 2241 petition is an unauthorized second or successive petition, thereby depriving the court of subject matter jurisdiction.

### III.  BACKGROUND

**A.     Petitioner's 2000 and 2018 Convictions and Sentences in State Court**

In 2000, Petitioner was convicted in the Circuit Court of Mobile County, Alabama, in five separate cases for first-degree robbery and sentenced to five concurrent thirty-year terms of imprisonment. Eighteen years later, in 2018, after having escaped custody, Petitioner was convicted in the same court of third-degree escape and received a fifteen-year sentence to run concurrently with his previously imposed thirty-year concurrent sentences for first-degree robbery. (Docs. # 13-12, 13-13, 13-14, 13-15, 13-16, 13-17)

**B.     2020 State Petition for a Writ of Habeas Corpus and Rulings**

In 2020, Petitioner filed a state petition for a writ of habeas corpus in the Circuit Court of Mobile County, Alabama. He argued that the Central Records Division of the ADOC had incorrectly calculated his sentences. Specifically, he claimed that his fifteen-year sentence for third-degree escape should run concurrently with the remaining eleven years of his thirty-year sentences for first-degree robbery. Instead, the ADOC had treated the sentences as consecutive, allegedly affecting his eligibility for good-time credits and unlawfully extending his

4

confinement. Petitioner requested a recalculation of his sentences to recognize the fifteen-year term as the controlling sentence, with corresponding adjustments for good-time credits and to his release date. (Doc. # 13-19.)

On May 11, 2021, the Mobile County Circuit Court granted the petition as to Petitioner's request for concurrent sentences ("May 2021 Order"). (Doc. # 13-20.) The court ordered the ADOC to "correct the Defendant's calculation and record of time credit to reflect" that his sentence for the escape conviction was "to be served concurrently" with the five sentences for the first-degree robbery convictions. (Doc. # 13-20 at 2; Doc. # 2-4 at 2.) The petition otherwise was denied.[3] (Doc. # 13-20; Doc. # 2-4.) Petitioner did not appeal the portion of his petition that was denied. (Doc. # 13 at 3–4; Doc. # 13-12.)

C. **2023 State Petition for a Writ of Habeas Corpus and Rulings**

In August 2023, Petitioner filed a petition for the Circuit Court of Mobile County to enforce its May 2021 Order directing the ADOC to correct its records.

---

[3] The relief Petitioner sought for the denied claim(s) appears to be based on this argument: At the time Petitioner was sentenced on the escape conviction, he had less than fifteen years remaining on his sentences for first-degree robbery. Because he had less than fifteen years remaining on his sentences for first-degree robbery, he says that these sentences should have terminated. With the sentences on the first-degree robbery conviction having ended, he would have been eligible for good-time credit, which was previously unavailable for the first-degree robbery sentences. He argued that with this good-time credit, he had completed all his sentences and was being unlawfully detained. (Doc. # 13-19 at 1–4; Doc. # 13-20.)

5

The nature of this petition is succinctly summarized by the Alabama Court of Criminal Appeals:

> Burrell alleged that, although the records no longer indicated that he was serving a consecutive sentence, the DOC had not complied with the circuit court's order because his release date remained as September 2, 2029. Burrell relied on § 14-9-41(g)(3), Ala. Code 1975, which provided, in relevant part: "When a prisoner is serving two or more sentences that run concurrently, the sentence that results in the longer period of incarceration shall be used for the purpose of computing deductions for correctional incentive time and release date." Burrell argued that, pursuant to § 14-9-41(g)(3), his correctional-incentive time could not be used in determining the "longer period of incarceration." Thus, because the expiration date of his 15-year sentence from 2018 is beyond the expiration date of his 30-year sentences from 2000, his 15-year sentence is the "longer period of incarceration" and the 30-year sentences effectively ceased to exist. From there, Burrell asserted that the correctional-incentive time he is permitted to earn on the 15-year sentence should be deducted from that sentence, which would reduce his release date. On August 15, 2023, the circuit court issued the following order:
>
>> "By Order of May 11, 2021, the Court ordered the sentence in this case (CC-18-688) to be run concurrently with the Defendant's sentences in CC-00-250, 251, 252, 253, and 254. The Defendant's 'Petition to Enforce Order' (Doc. 77) suggests that the Department of Corrections has not corrected its records to reflect this Order.
>>
>> "It is ORDERED that the Department of Corrections shall promptly revise its time calculation records to reflect the Court's May 11, 2021[,] Order which required that the sentences in the listed cases shall be run concurrent."
>
> In October 2023, Burrell filed a petition for a finding of civil contempt against the DOC, its employees, and other officials, arguing that the DOC had failed to comply with the circuit court's previous orders. Again, Burrell argued that the DOC had improperly calculated his

6

release date.  The DOC filed a response to Burrell's petition, denying that it had failed to correct its records to reflect that all of Burrell's sentences are concurrent sentences. The DOC attached documents as exhibits reflecting that it had corrected the mistake. The DOC further claimed that it had properly calculated Burrell's release date.  On December 11, 2023, the circuit court conducted a hearing on Burrell's petition.  On December 14, 2023, the circuit court issued the following order:

> "On December 11, 2023, the Court took the Defendant's Petition for a Finding of Civil Contempt Pursuant to Rule 70A, ALA.R.CIV.P. [under submission.]
>
> "After considering all the information presented to the Court by the parties, the Court hereby Denies and Dismisses the Petition."

(Doc. # 13-28 at 2–5 (alterations in original) (footnote omitted); *see also* Doc. # 13-28 at 4 (treating Petitioner's argument "that his release date is incorrect" as "in substance, a petition for a writ of habeas corpus"); Doc. # 2-6.)  In December 2024, the Alabama Court of Criminal Appeals affirmed the circuit court's judgment denying Petitioner's petition. (Doc. # 13-28 at 8–9.)  Petitioner filed an application for rehearing, which the Alabama Court of Criminal Appeals overruled in January 2025.  (Doc. # 13-29.)  Petitioner did not file a petition for writ of certiorari in the Alabama Supreme Court, and in May 2025, the Alabama Court of Criminal Appeals issued a certificate of judgment, certifying that December 2024 judgment was final.  (Doc. # 13-30.)

D. **2020 Federal Petition for a Writ of Habeas Corpus Filed in the Southern District of Alabama, Rulings, and Appeal**

In December 2020, during the pendency of his 2020 state habeas petition, Petitioner filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Southern District of Alabama. *See Burrell v. Langham*, 21-0025-TFM-B (S.D. Ala. Jan. 11, 2021), ECF Nos. 1, 3. In this petition, as relevant here, Petitioner focused on his fifteen-year sentence for his escape conviction that he says the state court had ordered to run concurrently "with the remaining 11 years" on his previously imposed thirty-year concurrent sentences for first-degree robbery. *See id.*, ECF No. 3 at 6. He argued that this sentence became his "controlling sentence." *Id.* Petitioner claimed again that the Central Records Division of the ADOC unlawfully refused to correct inaccuracies in its records concerning the execution of his sentences, which affected his eligibility for good-time credits and his end-of-sentence date. He argued the ADOC's refusal violated his rights under the Alabama Code and the Fourteenth Amendment to the United States Constitution and that he was being unlawfully imprisoned. *See id.*, ECF No. 45 at 7 (Magistrate Judge's Report and Recommendation).

On July 29, 2022, the district court adopted the magistrate judge's report and recommendation, dismissed the petition, and entered final judgment. *See id.*, ECF Nos. 45, 52, 53. The dismissal of the foregoing claim was for two reasons. First, Petitioner's claim was procedurally defaulted in federal habeas because he failed to

8

raise and exhaust it in state court, and it was too late for him to do so. Additionally, he did not demonstrate cause for the default, making it unnecessary to address the prejudice prong, and he did not demonstrate a fundamental miscarriage of justice. *See id.*, ECF No. 45 at 14–18; *see also id.* at 15 ("Burrell does not argue cause for his procedural default nor prejudice as a result thereof, nor does he establish that a denial of review constitutes a fundamental miscarriage of justice."). Second, the claim raised purely state-law matters that were not reviewable in federal habeas corpus petition. *See id.*, ECF No. 45 at 19–22.)

On March 16, 2023, the district court denied Petitioner's motion for relief from the judgment under Federal Rule of Civil Procedure 60(b). *See id.*, ECF No. 60. On November 27, 2023, under 28 U.S.C. § 2244(b)(3)(A), Petitioner filed a motion for a certificate of appealability in the United States Court of Appeals for the Eleventh Circuit, concerning the dismissal of his December 2020 federal habeas petition in *Burrell v. Langham*, 21-0025-TFM-B (S.D. Ala. 2022). (*See* Doc. # 13-31.) On February 9, 2024, the Eleventh Circuit issued an order denying Petitioner's motion for a certificate of appealability. (Doc. # 13-32); *see also Burrell*, 21-0025-TFM-B, ECF No. 69.

### E.  Current Federal Petition for a Writ of Habeas Corpus Filed in the Middle District of Alabama

On March 13, 2025, Petitioner filed this petition under § 2241 (Doc. # 1), along with a supporting memorandum (Doc. # 2).[4] He challenges the execution of his state sentences, again asserting that they were ordered to run concurrently but are being executed partially consecutively by ADOC officials. (Doc. # 2 at 7.) He argues that, at the start of his fifteen-year sentence for his escape conviction, he had eleven years remaining on his previously imposed thirty-year concurrent sentences for first-degree robbery. The sentencing court ordered the fifteen-year sentence to run concurrently with the thirty-year sentences. However, the ADOC allowed only five of those remaining eleven years to be served concurrently with the fifteen-year sentence, requiring Petitioner to serve the other six years of the thirty-year sentences consecutively. (Doc. # 2 at 7; *see also* Doc. # 1 at 6.)

According to Petitioner, he is ineligible to earn good-time credit on the robbery sentences; however, without the robbery sentences, he would be eligible to earn good-credit on the escape sentence. He contends that after his escape conviction, the escape sentence became the controlling sentence, thereby qualifying

---

[4] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Absent evidence to the contrary, the court must "assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (per curiam). Petitioner signed his petition, asserting that March 13, 2025, is the date he "place[d] this petition in the prison mail system." (Doc. # 1 at 8.)

him to earn good-time credit and advancing his release date.  He alleges that the partial consecutive execution of his robbery sentences and the denial of good-time credit have resulted in his unlawful imprisonment, which violates the Due Process Clause of the Fourteenth Amendment.  (Doc. # 1 at 6; Doc. # 2 at 2.)

Petitioner also contends that the state sentencing court has issued multiple orders to the ADOC to correct his "time calculations."  (Doc. # 1 at 6; Doc. # 2 at 7; *see also* Doc. # 2-6; Doc. # 2-9.)  He requests an order for his immediate release, citing a family emergency involving his mother's need for heart surgery and his sibling's illness.[5]  (Doc. # 1 at 7.)

## IV.  DISCUSSION

Respondent denies that Petitioner is being unlawfully imprisoned beyond the term of his sentences as a result of ADOC's failing to designate Petitioner's fifteen-year sentence for his escape conviction as his controlling sentence and failing to allow him to accrue good-time credit toward that sentence.  (Doc. # 13 at 14.)  However, Respondent concedes that Petitioner has exhausted his remedies in state court as to this claim.  (Doc. # 13 at 13.)

Respondent seeks dismissal of this petition, arguing that the petition presents the same claims as the 2020 federal habeas petition.  She contends that the 2020

---

[5] If this is starting to sound familiar, it should, because the contentions underlying the claims in the state habeas petitions, and importantly, in both federal habeas petitions, essentially are the same.

11

petition was denied on its merits and that, therefore, the current petition is considered successive. Because Petitioner has not obtained authorization from the United States Court of Appeals for the Eleventh Circuit, the court lacks subject matter jurisdiction to consider it. The outcome of Respondent's argument depends on whether the 2020 federal habeas petition was denied on its merits. Before examining this issue, it is helpful to explore the relationship between 28 U.S.C. §§ 2241 and 2254.

A.    **The Relationship Between 28 U.S.C. §§ 2241 and 2254**

Petitioner, who is in state custody, filed his petition under 28 U.S.C. § 2241. Under § 2241(c)(3), the writ of habeas corpus extends to state prisoners "in custody in violation of the Constitution or laws or treaties of the United States." Additionally, because Petitioner "is challenging the computation of his sentence, not his underlying convictions," § 2241 is the correct statute for this petition. *Gilbert v. Georgia*, 2021 WL 6205823, at *1 (S.D. Ga. Dec. 6, 2021), *R&R adopted*, 2022 WL 19629 (S.D. Ga. Jan. 3, 2022); *see also Moody v. Holman*, 887 F.3d 1281 (11th Cir. 2018) ("[C]hallenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241." (citation omitted)). Additionally, when a petitioner is in custody pursuant to a state-court judgment, the petition must adhere to both § 2241's and § 2254's requirements.[6]  *See Thomas v.*

---

[6] The petition is subject to the exhaustion requirements of 28 U.S.C. § 2254(b)(1). A state prisoner must exhaust all available state remedies prior to bringing a habeas action in federal court. § 2254(b)(1)(A), (c). The statute permits waiver, but only if the State, through counsel, expressly

12

*Crosby*, 371 F.3d 782, 785 (11th Cir. 2004) ("[A] habeas petition filed by a state prisoner in custody pursuant to the judgment of a state court is subject both to § 2241 and to § 2254, with its attendant restrictions."); *Gilbert*, 2021 WL 6205823, at *1 (finding that challenges to the computation of the sentence are "subject to the provisions of both § 2254 and § 2241" (citation and internal quotation marks omitted)). In *Wright v. Secretary, Florida Department of Corrections*, the Eleventh Circuit confirmed that state prisoners bringing habeas petitions under 28 U.S.C. § 2241 are subject to 28 U.S.C. § 2254's constraints and that the exceptions are narrow. *See* 2017 WL 11767520, at *3 (11th Cir. Oct. 25, 2017). These exceptions occur when a § 2241 petitioner is not "in custody pursuant to the judgment of a state court—such as state pre-trial detention." *Id.*

**B.   On the Merits**

A state prisoner must obtain authorization from the appropriate court of appeals before filing a second or successive habeas petition in federal district court. *Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 (11th Cir. 2020) (citing 28 U.S.C. § 2244(b)(3)(A)). "[I]n general, once the district court has entered its judgment with respect to the first habeas petition, a second-in-time application

---

waives the exhaustion requirement. *See* § 2254(b)(3) ("A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement."). Here, Respondent, through counsel, admits that Petitioner exhausted all state remedies prior to filing this petition and, thus, waives exhaustion as a defense. (Doc. # 13 at 13.)

13

qualifies as 'second or successive' and is thus properly subject to the requirements of § 2244(b)." *Rivers v. Guerrero*, 605 U.S. 443, 446–47 (2025). As explained in *Rivers*,

> habeas petitioners are generally entitled to "one fair opportunity" to litigate the merits of their postconviction claims in federal court. When a person seeks to bring a subsequent federal habeas challenge to his detention, "the road gets rockier." [The Antiterrorism and Effective Death Penalty Act] AEDPA contains several significant procedural barriers that strictly limit a court's ability to hear "claim[s] presented" in any "second or successive habeas corpus application."

*Id.* at 450 (second alteration in original) (first quoting *Banister v. Davis*, 590 U.S. 504, 507 (2020); and then quoting 28 U.S.C. §§ 2244(b)(1), (2)). One statutory barrier, as relevant here, is that "a claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." § 2244(b)(1). As elaborated in *Rivers*, "§ 2244 prohibits habeas applicants from filing a subsequent petition that relitigates the merits of previously denied claims." 605 U.S. at 450 (citing § 2244(b)(1)). A "claim" is the same in the prior and present petition where "[t]he basic thrust or gravamen of [the applicant's] legal argument is the same." *In re Williams*, 898 F.3d 1098, 1099 (11th Cir. 2018).

Federal district courts in Alabama uniformly have found that dismissals of a petitioner's constitutional claims due to procedural default, and a failure to show cause and prejudice (or a fundamental miscarriage of justice), constitute adjudications on the merits that trigger the second or successive petition

requirements of § 2244(b)(3)(A). In *Brennan v. Strickland*, a court in the Southern District of Alabama found that "a district court's dismissal of a petitioner's first habeas petition based on procedural default constitutes an adjudication on the merits for purposes of invoking the second or successive requirements of 28 U.S.C. § 2244(b)(3)." 2017 WL 889555, at *2 & n.4 (S.D. Ala. Jan. 10, 2017), *R&R adopted*, (S.D. Ala. Mar. 6, 2017). The *Brennan* court relied on holdings from the Second, Sixth, and Ninth Circuits. *Id.* at *2 n.4 (citing *Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005); *Turner v. Artuz*, 262 F.3d 118, 123 (2d Cir. 2001); and *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000)); *accord Jones v. Mack*, 2019 WL 1104998, at *2 n.4 (S.D. Ala. Jan. 25, 2019), *R&R adopted*, 2019 WL 1102217 (S.D. Ala. Mar. 8, 2019); *Diggs v. Gordey*, 2015 WL 5635280, at *2 n.3 (S.D. Ala. Sept. 9, 2015), *R&R adopted*, 2015 WL 5613179 (S.D. Ala. Sept. 23, 2015). Similarly, in *Johnson v. State of Alabama*, a court in this district found that "dismissal of a habeas corpus petition as procedurally defaulted constitutes, as a matter of law, an adjudication on the merits for the purposes of § 2244(b)(3)(A)'s second or successive petition requirements." 2013 WL 776251, at *1 (M.D. Ala. Jan. 16, 2013), *R&R adopted*, 2013 WL 775382 (M.D. Ala. Feb. 28, 2013); *cf. Carter v. United States*, 150 F.3d 202, 203 (2d Cir. 1998) (clarifying that "the denial of an initial § 2255 motion on grounds of procedural default (*i.e.*, for failure to raise a claim on direct appeal, which failure is not excused by a showing of cause and

15

prejudice) constitutes a disposition on the merits, such that any subsequent § 2255 motion will require authorization pursuant to §§ 2255 and 2244(b)(3)(A)").

As explained by the Ninth Circuit, the rationale underlying the holding that an unexcused procedural default is a determination on the merits for purposes of the successive petition bar is that once a petitioner's claims have been dismissed as procedurally defaulted, the petitioner cannot cure the defect in a subsequent filing: "While a court, in dismissing a petition because of state procedural default (and a failure to show cause and prejudice), is *not* determining the merits of the underlying claims, it *is* making a determination on the merits that the underlying claims will not be considered by a federal court for reasons of comity." *Howard v. Lewis*, 905 F.2d 1318, 1322 (9th Cir. 1990) (emphasis in original); *see also Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005) (observing that *Howard*'s holding remains valid post-AEDPA and aligning with the Second Circuit in holding that "a denial on grounds of procedural default constitutes a disposition on the merits and thus renders a subsequent § 2254 petition or § 2255 motion 'second or successive' for purposes of the AEDPA" (quoting *Carter v. United States*, 150 F.3d 202, 205–06 (2d Cir. 1998) (per curiam)).  In a 2023 decision, the Ninth Circuit again affirmed its precedent:

> [W]hen a prisoner's first filing is dismissed due to a "permanent and incurable bar to federal review," that dismissal is "on the merits" such that a later filing is deemed second or successive.  For example, when a court dismisses a 28 U.S.C. § 2254 petition for state procedural

16

> default, any later-filed petition is subject to the second-or-successive bar. *Howard v. Lewis*, 905 F.2d 1318, 1322 (9th Cir. 1990). As we explained in *Howard*, although dismissal for procedural default does "not determin[e] the merits of the underlying claims" in the colloquial sense, "it [does] determin[e] on the merits that the underlying claims *will not be considered by a federal court*"—and that determination is "considered 'on the merits' for purposes of the successive petition doctrine." *Id.* (emphasis added and internal citations omitted). We distinguished dismissal for procedural default, which is final, from dismissal for failure to exhaust, where "the opportunity is still open" for a prisoner to exhaust her state court remedies, after which "a subsequent federal petition for habeas corpus could be entertained." *Id.*

*Tong v. United States*, 81 F.4th 1022, 1025–26 (9th Cir. 2023) (alterations in original) (first citation omitted). The Ninth Circuit's reasoning is persuasive, and Alabama federal district courts' adoption of such a rule prevents state petitioners from circumventing the AEDPA's gatekeeping provisions by filing multiple petitions after procedural default rulings.

Based on these principles as applied to this case, Petitioner's first federal habeas petition was dismissed "on the merits" for purposes of the second-or-successive bar. In December 2020, Petitioner challenged the execution of his robbery and escape sentences in a 28 U.S.C. § 2254 petition filed in the Southern District of Alabama ("2020 federal habeas petition"). Petitioner's 2020 federal habeas petition shares the same claims as the instant petition, as they both challenge the execution of his state sentences for robbery and escape, specifically focusing on the alleged execution of his sentences as partially consecutive and the effect of that categorization on his ability to earn good-time credits and on his release date. In

17

both the 2020 and instant federal habeas petitions, Petitioner argues that his fifteen-year sentence for escape was meant to run concurrently with the remaining years of his thirty-year sentences for first-degree robbery.  He contends that the ADOC has unlawfully executed these sentences partially consecutively, thereby disqualifying him from earning good-time credit and thus extending his imprisonment beyond the expiration of the sentences.  Additionally, both petitions assert that the ADOC's refusal to correct the alleged inaccuracies in its records regarding Petitioner's eligibility for good-time credits and the calculation of his release date violates his rights under the Fourteenth Amendment and Alabama law.  These claims across both petitions focus on the ADOC's handling of the execution of the same sentences.

In sum, the 2020 federal habeas petition was adjudicated on the merits when the district court dismissed it as procedurally defaulted.  The dismissal for procedural default constitutes a merits adjudication triggering the "second or successive" bar of 28 U.S.C. § 2244(b)(3)(A).  Additionally, because "the proper interpretation of state law is not cognizable in federal habeas proceedings," *Beazley v. Johnson*, 242 F.3d 248, 261 (5th Cir. 2001), the dismissal for this alternative reason presents a "permanent and incurable bar to federal review." *Tong*, 81 F.4th at 1025; *see also Jones v. McNeil*, 776 F. Supp. 2d 1323, 1359 (S.D. Fla. 2011) ("Issues regarding matters of state law do not present cognizable claims in a federal habeas proceedings.").  Thus, the district court's alternative ground for dismissal—that

18

state-law issues are not cognizable on federal habeas review—constitutes an adjudication on the merits.

After the district court denied Petitioner's Rule 60(b) motion in March 2023, and the Eleventh Circuit denied his motion for a certificate of appealability in February 2024, Petitioner commenced this new, second-in-time challenge to the execution of his sentences by filing a 28 U.S.C. § 2241 petition in the Middle District of Alabama on March 13, 2025.  Under *Rivers v. Guerrero*, 605 U.S. 443 (2025), such a second-in-time application is "second or successive" within the meaning of § 2244(b) and therefore requires prior authorization from the Court of Appeals for the Eleventh Circuit.  Petitioner has not sought and obtained the requisite authorization from the Eleventh Circuit to file this successive petition, and it must be dismissed for lack of jurisdiction under § 2244(b)(3)(A).  This court is without subject matter jurisdiction to consider the petition until Petitioner secures permission from the Eleventh Circuit to proceed with his petition.

## V. CONCLUSION

Petitioner's 28 U.S.C. § 2241 petition is a second or successive petition filed without the requisite preauthorization from the United States Court of Appeals for the Eleventh Circuit.  Before filing a second or successive petition under 28 U.S.C. § 2241 in the federal district court, Petitioner must move in the United States Court of Appeals for the Eleventh Circuit "for an order authorizing the district court to

19

consider the application." 28 U.S.C. § 2244(b)(3)(A).  Without this authorization, the district court "lacks subject matter jurisdiction to consider the second or successive petition." *Jennings v. Sec'y, Fla. Dep't of Corr.*, 108 F.4th 1299, 1302 (11th Cir. 2024) (cleaned up), *cert. denied sub nom.*, *Jennings v. Dixon*, 145 S. Ct. 1472 (2025).

Based on the foregoing, it is ORDERED that Petitioner's 28 U.S.C. § 2241 petition is DISMISSED for lack of subject matter jurisdiction.

A certificate of appealability is not required for an appeal from a dismissal of a § 2241 petition for lack of subject matter jurisdiction.  *See Jennings*, 108 F.4th at 1302.

A separate final judgment will be entered.

DONE this 26th day of January, 2026.

                                              /s/ W. Keith Watkins
                                    UNITED STATES DISTRICT JUDGE