IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD BURRELL,<br>AIS # 210704, | ) | |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:25-CV-210-WKW |
| | ) | [WO] |
| CATRINA HOOKS-ROBBINS, | ) | |
| | ) | |
| Respondent. | ) | |

## **ORDER**

On January 26, 2026, Petitioner's 28 U.S.C. § 2241 petition for a writ of habeas corpus was dismissed without prejudice for lack of subject matter jurisdiction. This dismissal was based on a finding that the petition was an unauthorized second or successive filing under 28 U.S.C. § 2244(b)(3)(A), as Petitioner failed to obtain the necessary authorization from the United States Court of Appeals for the Eleventh Circuit. (Doc. # 24.) Final judgment was entered the same date. (Doc. # 25.) Before the court is Petitioner's motion for relief from the final judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Doc. # 29.) Respondent filed a response in opposition to the motion. (Doc. # 31.) Thereafter, Petitioner filed a motion to amend his motion for relief from the final judgment (Doc. # 32) and a reply brief (Doc. # 33), which also are under consideration.

Based upon a review of Petitioner's three filings (Docs. # 29, 32, 33), it appears that they are filed under Rule 60(b)(6), which permits a party to obtain relief from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Petitioner argues principally that this court disregarded the fact that his prior petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Southern District of Alabama was dismissed without prejudice. (*See* Doc. # 29 (referring to *Burrell v. Langham*, No. 1:21-cv-00025-TFM-B (S.D. Ala. filed Dec. 21, 2020), ECF Nos. 1, 52, 53) ("2020 federal habeas petition").) Petitioner argues that the prior dismissal *without prejudice* means that the current petition is not "second or successive." (Doc. # 29 at 1; *see generally* Doc. # 32 (urging the court to exercise jurisdiction over this § 2241 petition).)

In *Dunn v. Singletary*, cited by Petitioner (Doc. # 29 at 1), the Eleventh Circuit held that, "[w]hen an earlier habeas corpus petition was dismissed *without prejudice*, a later petition is not 'second or successive' for purposes of § 2244(b)." 168 F.3d 440, 441 (11th Cir. 1999) (per curiam). However, the court also emphasized "that the § 2244(b) inquiry as to whether a petition is second or successive must focus on the substance of the prior proceedings—on what actually happened." *Id.* at 442. Although *Dunn* is not directly analogous, it provides guidance on evaluating the actual proceedings. In *Dunn*, the Eleventh Circuit addressed the district court's dismissal of the petition as a second or successive application under § 2244(b). The

petitioner argued that the dismissal was improper because the clerk of court had noted on the judgment that the prior petition was dismissed without prejudice. The Eleventh Circuit determined that the prior petition, in fact, had been denied on the merits and that the clerk's entry was erroneous. *Id.* Consequently, because the prior petition was "second or successive" under § 2244(b), "the district court was bound to dismiss it." *Id.* (citing § 2254(b)(4)).

This court did not overlook the fact that the dismissal of the 2020 federal habeas petition was without prejudice. Instead, it focused on "what actually happened," and it was clear that the district court in the 2020 federal habeas petition intended its order and final judgment to dispose of Petitioner's petition on the merits, thereby rendering this § 2241 petition successive under § 2244(b).

"A second-in-time § 2254 petition generally qualifies as a second or successive application, triggering the requirements of § 2244(b), when an earlier filed petition has been decided on the merits and a judgment exists." *United States v. Taylor*, 152 F.4th 1297, 1307 (11th Cir. 2025) (quoting *Rivers v. Guerrero*, 605 U.S. 443, 459 (2025)). Here, Petitioner's § 2241 petition, filed after the dismissal of his § 2254 petition, is treated similarly. The distinction between a § 2241 and a § 2254 petition is legally insignificant in this context.[1] In its Memorandum Opinion

---

[1] Because Petitioner filed this § 2241 petition as a state prisoner "in custody pursuant to the judgment of a State court," §§ 2241(c)(3), 2254(a), "his petition for a writ of habeas corpus is governed by both § 2241 and the restrictions set forth in § 2254." *Morales v. Fla. Dep't of Corr.*,

3

and Order, the court set forth the governing law (Doc. # 24 at 14–17) and found that

the 2020 federal habeas petition was decided on the merits for purposes of triggering

§ 2244(b)(3):

> Based on these principles as applied to this case, Petitioner's first federal habeas petition was dismissed "on the merits" for purposes of the second-or-successive bar.    In December 2020, Petitioner challenged the execution of his robbery and escape sentences in a 28 U.S.C. § 2254 petition filed in the Southern District of Alabama ("2020 federal habeas petition").    Petitioner's 2020 federal habeas petition shares the same claims as the instant petition, as they both challenge the execution of his state sentences for robbery and escape, specifically focusing on the alleged execution of his sentences as partially consecutive and the effect of that categorization on his ability to earn good-time credits and on his release date.  In both the 2020 and instant federal habeas petitions, Petitioner argues that his fifteen-year sentence for escape was meant to run concurrently with the remaining years of his thirty-year sentences for first-degree robbery.    He contends that the ADOC has unlawfully executed these sentences partially consecutively, thereby disqualifying him from earning good-time credit and thus extending his imprisonment beyond the expiration of the sentences.  Additionally, both petitions assert that the ADOC's refusal to correct the alleged inaccuracies in its records regarding Petitioner's eligibility for good-time credits and the calculation of his release date violates his rights under the Fourteenth Amendment and Alabama law.    These claims across both petitions focus on the ADOC's handling of the execution of the same sentences.
>
> In sum, the 2020 federal habeas petition was adjudicated on the merits when the district court dismissed it as procedurally defaulted. The dismissal for procedural default constitutes a merits adjudication triggering the "second or successive" bar of 28 U.S.C. § 2244(b)(3)(A).

---

346 F. App'x 539, 540 (11th Cir. 2009); (*see also* Doc. # 24 at 12–13 (explaining the relationship between 28 U.S.C. §§ 2241 and 2254).)  The restrictions set forth in § 2254 include the statutory requirements for filing a second or successive § 2254 petition under 28 U.S.C. § 2244(b)(3)(A). *See Morales*, 346 F. App'x at 540; *see also Johnson v. Warden, Ga. Diagnostic & Classification Prison*, 805 F.3d 1317, 1323 (11th Cir. 2015) (holding that § 2244(b)(3)(A)'s requirement "cannot be evaded by characterizing the petition as one filed under § 2241 instead of § 2254").

Additionally, because "the proper interpretation of state law is not cognizable in federal habeas proceedings," *Beazley v. Johnson*, 242 F.3d 248, 261 (5th Cir. 2001), the dismissal for this alternative reason presents a "permanent and incurable bar to federal review." *Tong* [*v. United States*], 81 F.4th [1022,] 1025 [(9th Cir. 2023)]; *see also Jones v. McNeil*, 776 F. Supp. 2d 1323, 1359 (S.D. Fla. 2011) ("Issues regarding matters of state law do not present cognizable claims in a federal habeas proceedings."). Thus, the district court's alternative ground for dismissal—that state-law issues are not cognizable on federal habeas review—constitutes an adjudication on the merits.

After the district court denied Petitioner's Rule 60(b) motion in March 2023, and the Eleventh Circuit denied his motion for a certificate of appealability in February 2024, Petitioner commenced this new, second-in-time challenge to the execution of his sentences by filing a 28 U.S.C. § 2241 petition in the Middle District of Alabama on March 13, 2025. Under *Rivers v. Guerrero*, 605 U.S. 443 (2025), such a second-in-time application is "second or successive" within the meaning of § 2244(b) and therefore requires prior authorization from the Court of Appeals for the Eleventh Circuit. Petitioner has not sought and obtained the requisite authorization from the Eleventh Circuit to file this successive petition, and it must be dismissed for lack of jurisdiction under § 2244(b)(3)(A). This court is without subject matter jurisdiction to consider the petition until Petitioner secures permission from the Eleventh Circuit to proceed with his petition.

(Doc. # 24 at 17–19.)

Because Petitioner's 2020 federal habeas petition was dismissed on the merits and final judgment was entered, he must obtain authorization from the Eleventh Circuit Court of Appeals to file this successive § 2241 petition. *See* § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Without this

authorization, the district court "lacks subject matter jurisdiction to consider the second or successive petition." *Jennings v. Sec'y, Fla. Dep't of Corr.*, 108 F.4th 1299, 1302 (11th Cir. 2024) (cleaned up), *cert. denied sub nom.*, *Jennings v. Dixon*, 145 S. Ct. 1472 (2025).

All of Petitioner's arguments have been considered, beyond just the one discussed. No argument provides sufficient grounds to warrant revisiting the final judgment under Rule 60(b)(6).

Accordingly, it is ORDERED as follows:

(1)   Petitioner's motion to amend the motion for relief from the final judgment (Doc. # 32) is GRANTED to the extent that the arguments in the motion to amend have been considered; and

(2)   Petitioner's motion for relief from the final judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (Doc. # 29), as amended (Doc. # 32) and further briefed (Doc. # 33), is DENIED.

DONE this 1st day of April, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE
