IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

REGINALD BURRELL,      )
AIS # 210704,          )
                       )
        Petitioner,    )
                       )
    v.                 )      CASE NO. 3:25-CV-210-WKW
                       )              [WO]
CATRINA HOOKS-ROBBINS, )
                       )
        Respondent.    )

## ORDER

On January 26, 2026, Petitioner Reginald Burrell's *pro se* 28 U.S.C. § 2241 petition for a writ of habeas corpus was dismissed without prejudice for lack of subject matter jurisdiction. This dismissal was based on a finding that the petition was an unauthorized second or successive filing under 28 U.S.C. § 2244(b)(3)(A), as Petitioner failed to obtain the necessary authorization from the United States Court of Appeals for the Eleventh Circuit. (Doc. # 24.) On the same date, final judgment was entered. (Doc. # 25.)

Petitioner thereafter filed a motion for relief from the final judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (Doc. # 29), which was construed as a Rule 60(b)(6) motion. (Doc. # 34.) He also filed a motion to amend his motion for relief from the final judgment. (Doc. # 32.) Those motions were denied. (Doc. # 34.) Now pending is another *pro se* motion filed by Petitioner under

Rule 60(b) of the Federal Rules of Civil Procedure.  (Doc. # 35.)  This time he files his motion under Rule 60(b)(4).  "Federal Rule of Civil Procedure 60 permits a court to 'relieve a party . . . from a final judgment, order, or proceeding' and subdivision (b)(4) specifically authorizes a court to grant relief from a 'void' judgment."  *Coney Island Auto Parts Unlimited, Inc. v. Burton*, 146 S. Ct. 579, 582 (2026).  In *Bainbridge v. Governor of Florida*, the Eleventh Circuit explained the narrow and exacting standard for obtaining relief under Rule 60(b)(4):

> "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final.  The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule."  A judgment is not void "simply because it is or may have been erroneous."  "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."

75 F.4th 1326, 1335 (11th Cir. 2023) (citations omitted).  A jurisdictional error occurs when the court that rendered the judgment "lacked jurisdiction of the subject matter or the parties."  *Oakes v. Horizon Fin., S.A.*, 259 F.3d 1315, 1319 (11th Cir. 2001) (per curiam); *see also AST & Sci. LLC v. Delclaux Partners SA*, 143 F.4th 1249, 1252 (11th Cir.) ("Generally, a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter." (citation omitted)), *cert. denied*, 146 S. Ct. 370 (2025).  Furthermore, "it is well-settled that a mere error in the exercise of jurisdiction does not support relief under Rule 60(b)(4)."  *Bainbridge*, 75 F.4th at 1335 n.4 (citations and internal quotation marks omitted).

2

"Rather, Rule 60(b)(4) relief is reserved only for the exceptional case in which the court that rendered judgment lacked even an arguable basis for jurisdiction." *Id.* (citations and internal quotation marks omitted).

Petitioner argues that the Southern District of Alabama's judgment dismissing his prior habeas petition is void under Rule 60(b)(4). He moves this court to render moot the Southern District of Alabama's judgment and to declare that it has "no legal effect to the current Habeas Petition." (Doc. # 35 at 12.) He then requests this court to "finally address, without interpolations, his current 28 U.S.C. § 2241 habeas corpus petition." (Doc. # 35 at 12.) Hence, Petitioner invokes Rule 60(b)(4) to circumvent 28 U.S.C. § 2244(b)(3)(A)'s restrictions on successive petitions. Petitioner's Rule 60(b)(4) motion is improperly filed in this court.

Petitioner fails to cite any authority, and independent research has revealed none, that would permit him to seek relief in this court through a Rule 60(b)(4) motion to void the judgment entered by the federal district court in the Southern District of Alabama. This court did not render judgment on the first 28 U.S.C. § 2254 petition. Therefore, Petitioner's Rule 60(b)(4) challenge to that judgment's validity must be brought in the court that rendered it. *See McMillan v. MBank Fort Worth, N.A.*, 4 F.3d 362, 367 n.8 (5th Cir. 1993) (noting "that a Rule 60(b) 'motion is made in the court that rendered the judgment'" (quoting Restatement (Second) of Judgments § 78 (A.L.I. 1982)); 11 Wright & Miller's Federal Practice & Procedure

3

§ 2865 (3d ed. 1998) (Apr. 2026 Update) ("Relief under Rule 60(b) ordinarily is obtained by motion in the court that rendered the judgment."); *see generally State of Fla. v. Dep't of Health & Hum. Servs.*, 19 F.4th 1271, 1285 (11th Cir. 2021) ("The federal courts long have recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs.").  Even if it were proper for this court to consider the Southern District of Alabama's judgment under Rule 60(b)(4) to determine whether the petition filed here was second or successive, Petitioner has not shown that the Southern District of Alabama lacked jurisdiction over the subject matter or the parties or that the judgment was entered in violation of due process such that the court acted beyond its legal authority or committed a clear usurpation of power.  *See Oakes v. Horizon Fin., S.A.*, 259 F.3d 1315, 1319 (11th Cir. 2001) (per curiam).

Accordingly, it is ORDERED that Petitioner's *pro se* motion under Rule 60(b)(4) is DENIED.

DONE this 27th day of April, 2026.

/s/ W. Keith Watkins<br>UNITED STATES DISTRICT JUDGE