IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

REGINALD BURRELL,                )
AIS # 210704,                    )
                                 )
         Petitioner,             )
                                 )
    v.                           )      CASE NO. 3:25-CV-210-WKW
                                 )              [WO]
CATRINA HOOKS-ROBBINS,           )
                                 )
         Respondent.             )

## **ORDER**

On January 26, 2026, Petitioner Reginald Burrell's *pro se* 28 U.S.C. § 2241 petition for a writ of habeas corpus was dismissed without prejudice for lack of subject matter jurisdiction. This dismissal was based on a finding that the petition was an unauthorized second or successive filing under 28 U.S.C. § 2244(b)(3)(A), as Petitioner failed to obtain the necessary authorization from the United States Court of Appeals for the Eleventh Circuit. (Doc. # 24.) On the same date, final judgment was entered. (Doc. # 25.)

Petitioner thereafter filed a motion for relief from the final judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (Doc. # 29), which was construed as a Rule 60(b)(6) motion and denied. (Doc. # 34.) He then filed a *pro se* motion, this time under Rule 60(b)(4), arguing that the Southern District of

Alabama's judgment dismissing his prior habeas petition was void under Rule 60(b)(4).  (Doc. # 35.)  That motion was denied.  (Doc. # 36.)

Now before the court is Petitioner's third Rule 60 motion and his second under Rule 60(b)(4), seeking to void the court's January 26, 2026 judgment for lack of jurisdiction and due process violations.  (Doc. # 37.)  Petitioner's arguments are difficult to follow, and the following is illustrative of the contentions he advances in his 11-page motion.   Petitioner contends that under "Article III of the U.S. Constitution[,] this Court lacked jurisdiction to issue the January 26, 2026 Judgment on moot questions or abstract propositions."  (Doc. # 37 at 2.)  He also cites 28 U.S.C. § 2244(b)(3), contending that this court cannot announce principles of law regarding whether he must seek authorization to relitigate a state-court sentencing issue, namely, whether his escape sentence should run concurrently with his robbery sentences, because the state sentencing court "previously decided the issue on the merits."  (Doc. # 37 at 2; *see also* Doc. # 37 at 9–10.)  He argues that this court has "failed to resolve all constitutional claims" raised in his 28 U.S.C. § 2241 petition because he illegally "remain[s] in custody after [having] completed his [state] sentence," in violation of the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution.  (Doc. # 37 at 7.)  He reiterates that the only remaining issue is his continued custody after his alleged completion of his state-court sentences.  He also argues that this court illegally "recharacterize[d]" the Southern District of Alabama's

2

judgment as a dismissal with prejudice (Doc. # 37 at 8), but this argument expressly was rejected in the Order denying Petitioner's prior Rule 60(b)(6) motion.  (*See* Doc. # 34.)

"Federal Rule of Civil Procedure 60 permits a court to 'relieve a party . . . from a final judgment, order, or proceeding' and subdivision (b)(4) specifically authorizes a court to grant relief from a 'void' judgment." *Coney Island Auto Parts Unlimited, Inc. v. Burton*, 146 S. Ct. 579, 582 (2026) (quoting Fed. R. Civ. P. 60(b)(4)).  "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final.  The list of such infirmities is exceedingly short." *Bainbridge v. Governor of Fla.*, 75 F.4th 1326, 1335 (11th Cir. 2023) (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010)).  Rule 60(b)(4) relief is limited to the "rare instance" where the judgment is void because (1) the court "lacked even an arguable basis for jurisdiction," *id.*, or (2) there was a due-process violation depriving the movant "of notice or the opportunity to be heard," *id.* at 1335 n.4 (citation omitted).  Petitioner's arguments do not fit within either of the two grounds for obtaining Rule 60(b)(4) relief.

Petitioner's contention that he remains in custody unlawfully is a substantive habeas claim; it does not show that the January 26, 2026 judgment was entered without an arguable basis in jurisdiction or in violation of due process.  Petitioner's

remaining arguments boil down to this:  He claims the January 26, 2026 judgment is void under Rule 60(b)(4) because the court lacked jurisdiction to conclude that 28 U.S.C. 2244(b)(3) deprived it of jurisdiction over his 28 U.S.C. § 2241 petition and that, therefore, the court must decide his petition on its merits.  At bottom, Petitioner is asserting that the court misapplied the second-or-successive standard under 28 U.S.C. § 2243(b)(3)(A).  However, Rule 60(b)(4) does provide a vehicle for that challenge.  Error in applying the standard under § 2244(b)(3)—even if assumed—is not the type of "fundamental infirmity" described in *Bainbridge*. *Id.* at 1335 (citation omitted).  Rather, it is the kind of alleged error that must be pursued through ordinary appellate review, not Rule 60(b)(4).  Rule 60(b)(4) is "not a substitute for a timely appeal." *Espinosa*, 559 U.S. at 270.

In sum, Petitioner's motion fails to show the "rare instance" required to render the January 26, 2026 judgment void under Rule 60(b)(4).  *Bainbridge*, 75 F.4th at 1335 (citation omitted).  Accordingly, it is ORDERED that Petitioner's *pro se* motion under Rule 60(b)(4) (Doc. # 37) is DENIED.

DONE this 2nd day of June, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

4